## FISHER et v HARPOLD et

Ohio Appeals, 4th Dist, Meigs Co

Decided Dec 31, 1937

Ralston Russell, Pomeroy, for appellants.
O. H. Stewart, Pomeroy, for appellees.

## OPINION

By GILLEN, J.

The plaintiffs brought an action in the Common Pleas Court of Meigs County on the 11th day of March, 1937, to foreclose a mortgage on certain real estate described in the petition. On the 11th day of May, 1937, a decree in foreclosure was entered and a sale of the property ordered. Pursuant to the court order the property was advertised for sale on the 26th day of June, 1937. Defendants, Frank Harpold and Edna Harpold, filed an application on the 25th day of. June, 1937, seeking a postponement of the sale of the property under authority of §11588, GC. The trial court ordered a postponement of sale, requiring the defendants to keep all current interest, insurance premiums, taxes and assessments from and after the date of filing the petition fully paid, to keep the property in a good state of repair, to pay plaintiff $100.00 October 11, 1937, $100.00 April 11, 1938, $100.00 October 11, 1938, and $100.00 April 11, 1939, and fixed the last date as the time the court would determine the amortization rate for the balance that may be due on said principal. From that judgment the plaintiffs have appealed on questions of law.

Sec 11588, GC, was amended by the Legislature on May 15, 1933, and became effective May 18, 1933. The amendment gave the court power to postpone the sale of property in foreclosure proceedings to a time not later than February 1, 1935. On the 31st day of January, 1935, the Legislature again amended that statute granting the court power to postpone the sale of mortgaged property to a time not later than April 1, 1937. The statute was again amended on March 30, 1937, granting the court power to postpone the sale .of mortgaged property to a date not later than April 1, 1939. It is urged by plaintiff that the amendment does not contain language sufficiently definite and certain to make its provisions applicable to actions pending at the time of its enactment.

Sec 26, GC, reads as follows:

"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution or proceeding existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

The provisions of §11588, GC relate to the remedy and do not affect the substantive rights of the parties. The right of the Legislature to provide such a moratorium has been held to be a valid exercise of police power. Home Building & Loan Assn. v Blaisdell, 290 U. S. 398, **Virginia Joint Stock Land Bank v Shaffer, 7 O.O. 186, (21 Abs 82)**.

A review of the history of §11588, GC, as amended from time to time shows clearly that the Legislature intended to vest discretionary power in the court to postpone the sale of mortgaged property without interruption from the time the amendment went into effect (May 18, 1933) to the 1st day of April, 1939. It is true that the statute has been amended twice since the original amendment in 1933 but in each instance the amendments have merely extended the time of the moratorium and broadened the discretion of the court with respect to the acts the mortgagor may be required to perform. The amendment enacted March 30, 1937, contains an emergency clause which reads as follows:

"This act is hereby declared an emergency necessary for the immediate preservation of the public peace, health and safety. The necessity therefor lies in the fact that the existing law relating to the postponement of sale of property on foreclosures expires on April 1, 1937, and unless this act goes into immediate effect large numbers of persons will be deprived of their homes and property, therefore this act shall go into immediate effect."

We believe the language used by the legislature in this emergency clause is sufficiently definite and certain to express the intent of the Legislature to have the act apply to pending litigation. It shows clearly that the legislature did not intend to allow an interim in which mortgagors would not be entitled to the benefits of the moratorium. It is the opinion of this court, therefore, that the trial court had authority to grant the moratorium and that he did not abuse the discretion vested in him by authority of §11588, **GC**. However, the trial court was in error in fixing the date of the last payment as of April 11, 1939, since the statute clearly provides that the postponement of sale could not be extended beyond April 1, 1939.

The judgment of the trial court is modified to the extent that the payment of $100 April 11, 1939, shall be due and payable April 1, 1939. The language used by the trial court in the judgment entry "at which time the court fix the further amortization rate for the balance, that may be due on said principal sum" is surplusage and of no effect since it is apparent that the trial court would have no power so to act on the 11th day of April, 1939, unless the legislature further amends the section. In all other respects the judgment of the trial court is affirmed.

Judgment modified and affirmed.

McCURDY, PJ, and BLOSSER, J, concur.